## ATTITUDE OF COURTS TOWARD QUESTIONS PERTAINING TO ELECTIONS.

Circuit Court of Cuyahoga County.

THE BOARD OF DEPUTY STATE SUPERVISORS AND INSPECTORS OF ELECTION OF CUYAHOGA COUNTY ET AL V. STATE OF OHIO, EX REL CLARENCE N. GREEN.

Decided, February 17, 1908.

*Election Laws—Academic Questions—Appeal Dismissed Bars Error Proceedings.*

1. A proper interpretation of the election laws is of so much importance to all the citizens, that a reviewing court must answer questions with regard thereto, when submitted to it, notwithstanding an election may have settled the rights of individuals involved, before the judgment of the court of original jurisdiction can be reviewed.

2. Appeal to the circuit court having been properly perfected in an appealable case, and the appeal subsequently dismissed, error will not lie to the same original judgment.

*White, Johnson, McCaslin & Cannon,* for plaintiff in error. *Higley & Maurer,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

On the 26th day of October, 1907, the relator filed his petition in the common pleas court praying that a writ of mandamus be

issued against plaintiffs in error requiring them to receive and file a certain nomination paper and to print the names of the nominees thereon upon the ballots to be voted at the election to be held November 5, 1907.

The petition alleges that the only reason the respondents rejected said nomination paper was because they had held it to be not in apparent conformity with the provisions of the statutes of Ohio, in that it did not contain the names and addresses of persons to the number of five or less as a committee who might fill vacancies caused by death or withdrawal.

To this petition a demurrer was interposed and overruled, whereupon the case was heard upon the petition and the evidence and a peremptory writ was awarded on the first day of November, 1907, four days before the election.

The transcript shows that the following proceedings were had in the matter after the election:

November 30, 1907.  Appeal bond fixed and filed by defendants.

December 26, 1907.  Mandate from the circuit court filed setting forth that said court had granted the motion of the relator to dismiss the appeal and that the appeal was dismissed at the cost of the respondents.

December 24, 1907.  Petition in error filed in the circuit court.

It is this petition in error that we now have under consideration; it alleges that the common pleas court erred in overruling the demurrer to the petition, and that the common pleas court had no jurisdiction of the action.

We have no doubt that this contention is correct.  The action of the Deputy State Supervisors and Inspectors of Elections in the matter here involved is made final by the statutes.  Such has been the holding of the Supreme Court so many times that a mere reference to a few of its decisions is sufficient.  *Chapman* v. *Miller,* 52 O. S., 166, 176;  *Randall* v. *State, ex rel,* 64 O. S., 57; *State, ex rel,* v. *Jones,* 74 O. S., 418.

There are other cases decided by the Supreme Court, but not reported in full, referred to in brief of counsel for plaintiffs in error, which are to the same effect.

But it is claimed by defendant in error that notwithstanding our conclusion as to the law, we can not now reverse the judgment complained of, and motion is made to dismiss the petition in error upon the following grounds:

1. That the relief prayed for in the petition and the order below appertained to the duties of the plaintiffs in error as Deputy State  Supervisors of Elections of Cuyahoga County in and about the election held November 5, 1907.

2. That the order of the court below, complained of was not served upon any of the plaintiffs in error.

3. That the plaintiffs in error have heretofore elected to review the said proceedings below by way of appeal.

The first two grounds suggest that any order this court might make now would be a *brutum fulmen;* that naught remains but an academic question.

We do not think the point well taken.  A proper interpretation of the election laws is of so much importance to all our citizens that the courts must answer questions with regard thereto when submitted to them, notwithstanding the fact that the rights of individuals are usually determined in such matters before the reviewing courts can pass upon them, by the holding of an election.

Such has been the practice of the Supreme Court.

In the case of *Randall* v. *State, ex rel,* 64 O. S., 57, involving matters pertaining to the election held November 6, 1900, petition in error was not filed in the Supreme Court until November 17, 1900, and on January, 22, 1901, the Supreme Court reversed the judgment of the circuit court, sustained a demurrer to the petition and dismissed it.

The case of *Beacham* v. *State, ex rel,* 64 O. S., 577, concerning the election held in November, 1900, reached the Supreme Court October 26, 1900, but was not decided until April 9, 1901, when the judgment of the circuit court was reversed and the petition dismissed on the authority of the Randall case.

The third reason alleged for a dismissal of the petition in error has given us much trouble.

The transcript does not disclose why the previous appeal of this case was dismissed in this court. Every intendment, however, is in favor of that judgment of dismissal, and if other grounds of dismissal may be presumed, it can not be claimed that the dismissal was for want of jurisdiction, for the law is well settled that actions in mandamus are appealable. *Dutton* v. *Village of Hanover*, 42 O. S., 215; *State, ex rel,* v. *Philbrick*, 69 O. S., 283.

We may, therefore, suppose that the appeal was dismissed because the appellants, defendants below, failed to prosecute their appeal, or because the circuit court after the election refused to try the case and make up a record, when its judgment, being an original judgment, would have no operation. This point distinguishes the trial of a case involving only an academic question from the review of the judgment of an inferior court on a question which has become academic since leaving the lower court. The latter judgment, if erroneous, should not be left to stand as a precedent. If, then, the appeal was not dismissed for want of jurisdiction, was that adjudication a bar to further review of the action of the common pleas court?

In other words, did the plaintiffs in error elect their remedy and have they had their day in court in such sense that they can not now be further heard?

It has been decided in this state that one can not have two proceedings in error based upon the same judgment. *Railroad Company* v. *Bell*, 36 O. S., 93.

It is also said by Judge Davis, in the case of *Irwin* v. *Lloyd*, 65 O. S., 55, 61, that there can not be a second appeal from the same judgment.

We consider the following cases to be authority for the proposition that error can not be predicated to a judgment from which an appeal has been properly taken. *Sale* v. *Pratt*, 19 Pick., 191; *Furman* v. *Motely*, 67 N. J. L., 174.

The appeal having been properly taken and the case being an appealable one, the whole body of the case is in the appellate court and there is nothing left in the lower court upon which to predicate error.

We have little reluctance in reaching the conclusion stated, for the judgment of this court in the appealed case can easily be reviewed by the Supreme Court and the academic question propounded answered by that court in that case, as well as in this case, if it sees fit to answer it.

The motion to dismiss the petition in error is granted.